**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
UNITED STATES OF AMERICA,
                                                            :
        -against-                         :         MEMORANDUM DECISION
                                                :             AND ORDER
JAIME HERNAN VELASQUEZ HERNANDEZ   :

                  Defendant.       :         22 Cr. 258-04 (GBD)

                                            .
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Pro se defendant Jaime Hernan Velasquez Hernandez moves this Court pursuant to 18 U.S.C. § 3582(c)(2) to review and reduce his sentence in light of Amendment 833 to the United States Sentencing Guidelines (the "Amendment").[1] (*See* Petitioner's Motion to Request Review of Amendment to the Sentencing Guidelines ("Motion"), ECF No. 71.)  The Government opposes Velasquez Hernandez's motion.  (Gov.'s Response to Letter ("Opp."), ECF No. 74.)  This Court lacks authority to modify Velasquez Hernandez's sentence on the basis of Amendment 833 because the Amendment is not retroactive.  Velasquez Hernandez's motion is therefore DENIED.

## I.    **LEGAL STANDARD**

Save for limited exceptions, a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010)

---

[1] Velasquez Hernandez also requests appointment of counsel to "assist in reviewing [his] eligibility and in filing any appropriate motion for modification of sentence, should the Court find that the Amendments apply." (Motion at 2.)  The decision to appoint counsel in "post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines . . . rest[s] in the discretion of the district court." *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).  Because Amendment 833 is not retroactive and does not apply to Velasquez Hernandez, the Motion is without merit. This Court, therefore, declines to appoint counsel.

("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." (cleaned up)). One such exception is 18 U.S.C. § 3582(c)(2), which allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "On a § 3582(c)(2) motion, however, the statutory authorization to modify a sentence is 'narrow,' and, accordingly, [a court] may look to 'only the amendments listed' in [U.S.S.G] § 1B1.10(d) to provide a basis for relief." *United States v. Mahmoud*, 779 F. App'x 53, 54 (2d Cir. 2019) (quoting *Dillon*, 560 U.S. at 827).

## II.     DEFENDANT'S MOTION IS DENIED

Amendment 833 to the United States Sentencing Guidelines became effective on November 1, 2025. Velasquez Hernandez references two changes promulgated by Amendment 833. First, the Amendment adjusted the offense-level reduction in U.S.S.G. § 2D1.1(a)(5) in certain drug cases where the defendant receives a mitigating role adjustment under U.S.S.G § 3B1.2. Second, the Amendment added a special instruction to U.S.S.G. § 2D1.1(e)(2) stating that an adjustment under §3B1.2 is "generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function," such as "serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout," or "distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit."

Here, Velasquez Hernandez was sentenced on June 25, 2025, before Amendment 833

became effective on November 1, 2025. (*See* Judgment, ECF No. 51.) 18 U.S.C. § 3582(c)(2) would authorize a sentence reduction here only if the Amendment is retroactive. § 1B1.10(d) "governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2)." *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997).[2] Amendment 833 is not listed in U.S.S.G. § 1B1.10(d). Therefore, the Amendment does not apply retroactively, and this Court cannot reduce Velasquez Hernandez's sentence on the basis of Amendment 833.

Amendment 833 would not alter Velasquez Hernandez's sentence even if it were retroactive. The Amendment's modification to § 2D1.1(a)(5) pertains to defendants who received a mitigating role adjustment under § 3B1.2. Velasquez Hernandez did not receive such an adjustment. The addition of § 2D1.1(e)(2) also would not benefit Velasquez Hernandez. This provision addresses defendants who perform a low-level trafficking function like "serving as a courier" or "distributing controlled substances in user-level quantities for little or no monetary compensation." U.S.S.G. § 2D1.1(e)(2)(B)(i)–(ii). Velasquez Hernandez did not perform such low-level functions. (*See* Presentence Investigation Report revised June 9, 2025 ¶ 23). No reduction in sentence, therefore, would be warranted even if Amendment 833 were retroactive.

---

[2] U.S.S.G. § 1B1.10(c) was redesignated to subsection (d) in 2014, pursuant to Amendment 780 to the United States Sentencing Guidelines.

3

## III.    <u>CONCLUSION</u>

Velasquez Hernandez's motion for this Court to review and reduce his sentence in light of Amendment 833 to the United States Sentencing Guidelines is DENIED.  The Clerk of Court is directed to close the open motion at ECF No. 71 accordingly.

Dated: **FEB 19 2026**
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS

United States District Judge

4